## Asahel Gage

v.

## Frances W. Hervey.

*Filed at Ottawa November 17, 1884.*

1.  Tax title—*affidavit as to notice of purchase.* Unless the statute has been complied with in making the affidavit necessary to procure a tax deed on a tax purchase, the deed may be set aside on the application of the owner of the patent title, upon equitable terms.

2.  Same—*of the notice to entitle purchaser to deed.* Where the affidavit made to entitle the holder of a tax certificate of purchase to a deed, shows that the property was "taxed or specially assessed in the names of Robert Hervey and Robert Henry," and the allegation of service is that "he served said notice on said Robert Hervey and Robert Henry, by handing the same to and leaving the same with Robert Hervey personally," it fails to show a sufficient service as to Robert Henry, and will not authorize the making of a tax deed, and if made, it may be set aside as a cloud on the title, upon payment of the amount paid at the tax sale and for subsequent taxes, with six per cent interest.

Appeal from the Circuit Court of Cook county; the Hon. Thomas A. Moran, Judge, presiding.

Mr. Augustus N. Gage, for the appellant:

The bill is demurrable, and the demurrer filed by appellant should have been sustained.

The proof does not sustain the allegations of irregularity in either of the tax deeds. It does not appear by the proof that the complainant was in possession of the property when the bill was filed, or that the property was vacant and unoccupied at that time; and the complainant has failed to show that any title to the property was in her, but has sufficiently shown that her interest had already been conveyed to O. L. Wheelock, who was therefore a necessary party to the bill.

The decree is erroneous in not requiring the appellee to pay to appellant such penalties and costs as a minor or one under disability would be required to pay in order to redeem from a tax sale. *Gage* v. *Busse*, 102 Ill. 592.

Messrs. J. P. & T. R. WILSON, for the appellee:

The affidavit of the service of notice of the time when the redemption expired, is insufficient to show a legal and proper service of notice. The statute requires the notice to state for what year taxed.

The affidavits are defective in not showing that the lots were vacant at the time when the notice of the tax sale was published. *Gage* v. *Bailey*, 100 Ill. 530; *Campbell* v. *McCahan*, 41 id. 45.

That it is a fatal defect in a notice to state that the time of redemption expires on the wrong date, has been frequently decided by this court. *Gage* v. *Bailey*, 100 Ill. 530; *Wilson* v. *McKenna*, 52 id. 43; *Barnard* v. *Hoyt*, 63 id. 341.

It is well settled by the decisions of this court that possession is sufficient evidence of ownership in fee to entitle a party to recover in ejectment, or to maintain a bill to remove a cloud. *Keith* v. *Keith*, 104 Ill. 397; *Brooks* v. *Bruyn*, 18 id. 539, and 24 id. 372; *Barger* v. *Hobbs*, 67 id. 592; *McLean* v. *Farden*, 61 id. 106; *Hubbard* v. *Kiddo*, 87 id. 578.

By the decisions of this court the rule has become well settled that the amount the court should require to be paid to the holder of a tax title, upon setting aside his tax deeds, is the amount paid out, with interest. *Smith* v. *Hutchinson*, 108 Ill. 662; *Barnett* v. *Cline*, 60 id. 205; *Farwell* v. *Harding*, 96 id. 32.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought by Frances W. Hervey, against Asahel Gage, in the circuit court of Cook county. Complainant alleges she is the owner in fee simple of certain lots or parcels of land described in the bill, and that she was in possession of the same, and the object of the bill is to have two tax deeds made to defendant, purporting to convey the property to him, cancelled and set aside as void, and as a cloud upon her title. To the bill, alleging with sufficient

fullness all the facts relied upon for relief, defendant filed a general demurrer, which was by the court overruled, and defendant then filed his answer to the bill, by which the material allegations of the bill were put at issue, and the same matters presented for decision as on the demurrer, and the same benefit claimed. Replication to the answer was filed, and on the hearing the court entered a decree giving relief substantially as sought by the bill, on condition complainant would refund to defendant the amount paid by him at the tax sales and in discharge of subsequent taxes, with interest at the rate of six per cent per annum, which amount was ascertained and stated in the decree.

It sufficiently appears that complainant was in possession of the property at the time she exhibited her bill, and had such interest in the property as would enable her to maintain it.

As respects the first tax deed, it is not very strenuously insisted it is valid. It appears from the certificate of sale, the property was sold by the city collector of the city of Chicago for the year 1871, and under the previous decisions of this court the sale was void, as being inhibited by a constitutional provision. Const. 1870, sec. 4, art. 4; *Hills* v. *Chicago*, 60 Ill. 86. But it is confidently insisted the second deed, which seems to have been made to defendant July 16, 1879, as assignee of H. Combs, is valid, and constitutes paramount title in defendant. It is thought one objection taken to this deed is fatal to its validity, and justified the decree of the circuit court declaring it void, and removing it as a cloud upon complainant's title to the property. It seems quite clear the affidavits made and filed for the purpose of procuring the tax deed, do not show a full compliance with the law, at least in one respect. Unless the statute has been complied with, the tax deed may be set aside, on the application of the owner of the patent title, upon terms that shall be deemed equitable.

Section 216 of the, Revenue act, (Rev. Stat. 1874,) is imperative no purchaser or assignee of such purchaser of any real property, for taxes or special assessments due either to the State or to any municipality, shall be entitled to a deed for the property so purchased until the conditions stated in that section shall have been complied with. Among other conditions therein stated is one that such purchaser or assignee shall serve, or cause to be served, a written or printed, or partly written and partly printed, notice of such purchase on "the person in whose name the same was taxed or specially assessed, if, upon diligent inquiry, he can be found in the county," at least three months before the expiration of the time of redemption on such sale, in which notice he shall state when he purchased the land or lot, in whose name taxed, the description of the land or lot he has purchased, for what year taxed or specially assessed, and when the time of redemption will expire. Section 217 of the same act declares every such purchaser or assignee, by himself or agent, shall, before he shall be entitled to a deed, make an affidavit of his having complied with the conditions of section 216, stating particularly the facts relied on as such compliance. Affidavits were made and delivered to the person authorized by law to execute such tax deed, for the purpose of showing a compliance with the law. In one respect the affidavits appear to be fatally defective,—that is, they do not show that notice of the purchase was served upon the persons in whose names the property was assessed, as the statute requires shall be done. Two affidavits were made, in both of which it is stated "the land was taxed or specially assessed in the names of Robert Hervey and Robert Henry," and the allegation as to the service of notice is, that "he served said notice on said Robert Hervey and Robert Henry, by handing the same to and leaving the same with Robert Hervey personally." Obviously .this is not sufficient service of the notice upon Robert Henry. Leaving a notice with Robert Hervey is not

serving it upon Robert Henry. Nor is there any allegation in either affidavit that Robert Henry could not be found in the county, so as to authorize publication as to him.

It is a sufficient answer to the suggestion that Robert Hervey and Robert Henry may be one and the same person, that the record contains no evidence such is the fact. The affidavits both declare the property was "taxed or specially assessed" in the names of Robert Hervey and Robert Henry. This would seem to imply Robert Henry is a real person other than Robert Hervey.

As there was no service of notice on the parties in whose names the property was taxed or specially assessed, the deed was therefore without warrant of law, and was properly set aside for that reason. Nor is there any just reason for any complaint as to the terms imposed by the court as a condition upon which the tax deed might be set aside. Without entering upon any extended consideration of that branch of the case, it may be said the terms imposed seem both just and reasonable.

The decree of the circuit court will be affirmed.

*Decree affirmed.*